UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Todd Walsh | **NO.** 3:15-CV-05440-DWC |
| Plaintiff, | **PROPOSED** AMENDED COMPLAINT DECLARATORY RELIEF 42 USC §1981, 1983, 1985, 1986 & 1988 |
| v. | |
| Conmed Healthcare Management Inc, a Maryland Corporation; | |
| Sheriff GARY LUCAS, Individually and as employee, agent and/or Sheriff for Clark County and/or Conmed; | [JURY TRIAL DEMANDED] |
| Clark County; a municipal corporation; | |
| Devin Allen Individually and as employee, agent for Clark County and/or Conmed; | |
| Jenni Zupfer, Individually and as employee, agent of Clark County and/or Conmed; | |
| Lilly Beasley, Individually and as employee, agent for Clark County and/or Conmed; | |
| John and Jane Doe, Individually and as employee, agent for Clark County and/or Conmed; | |
| Defendants. | |

COMPLAINT - 1

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

Plaintiff Todd Walsh by and through his attorney Josephine C. Townsend, as and for a complaint against defendants, state and allege the following:

INTRODUCTION

1.      This is an action arising out of the serious injury to Plaintiff Todd Walsh while in the custody, care and control of the Clark County jail.  Mr. Walsh was brutally assaulted while incarcerated at Clark county Jail and his safety and security were not maintained by Defendants Clark County and Sheriff Lucas.  Mr. Walsh's injuries occurred and were exacerbated as a result of the defendants' failure to provide him with necessary safe and secure facilities; he was denied proper and standard medical care and treatment following his assault in Clark County jail.  Todd Walsh suffered from a fractured nose and L-2 vertebrae as a result of an assault which occurred on June 6, 2014, while he was an inmate at the Clark County Jail; a condition known to require x-rays and emergency treatment. Although defendants were informed of Mr. Walsh's condition, they failed and refused to properly treat him or lessen his agony.   Their actions, both collectively and individually, resulted in excruciating pain, permanent injury, unnecessary suffering to occur to Mr. Walsh.

2.  By this action, Plaintiff seeks both compensatory and punitive damages against the named defendants for conduct under color of law which, in addition to being tortious under common law, also deprived Todd Walsh's rights secured under the Constitution and Laws of the United States particularly under the provisions of

COMPLAINT - 2

the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

3.  This is an action at law to redress the deprivation by defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to plaintiff Todd T. Walsh under  Fourth, eighth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny plaintiff his civil rights, all of which arise under State and Federal Law, particularly Title 42 U.S.C. §§ 1981, 1983 and 1988, and the Constitution, laws and statutes of the United States and the State of Washington.  It is also an action in negligence against named defendants.

JURISDICTION

4.  This action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth  and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, §§ 1983 and 1988.

5.  This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§1331, 1332 1342(4) and 1343.  The Courts supplemental jurisdiction 28 U.S.C § 1367 is also invoked to assert Plaintiff's claims against the defendants for the torts of negligence and medical malpractice under the laws of the State of Washington.  The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00

COMPLAINT - 3

6.   Venue is proper in this District under 28 U.S.C. § 1391 (b)(1), because some of the defendants reside in the Western District of Washington and all defendants are residents of the State of Washington within the meaning of 28 U.S.C. §1391; under 28 U.S. C. 1391 (b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred within the Western District of Washington; or to the extent that venue is not proper under either 28 U.S. C §§ 1391(B)(1), or (2), under 28 U.S. C. §1391 (b)(3), because some or all of the defendants are subject to the personal jurisdiction of the court.

THE PARTIES

7.   Plaintiff Todd Walsh is a citizen of the United States of America and, at the time of the filing of this complaint, a resident of the County of Clark, State of Washington.  He was a convicted inmate lodged at Clark County Jail at the time of the events alleged in the complaint.

8.   Defendant Clark County(hereinafter "County") is a municipal corporation and governmental subdivision of the State of Washington located in the County of Clark and is responsible for the policy, practice, procedure, supervision, implementation, and conduct of Clark County's  officers, agents, servants and/or employees, including but not limited to those persons employed at the Clark County jail.

9.   Defendant Conmed Health Care Management Inc (hererinafter "Conmed"), is a Maryland Corporation, duly registered and doing business in Washington

COMPLAINT - 4

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

10. Defendant Sheriff Gary Lucas (Herinafter Sheriff Lucas), was the Sheriff of Clark County, and in that capacity had the power and duties as provided by law. As Sheriff of Clark County, he was at all times relevant to the allegations of this complaint, responsible for the administration of the Clark County Jail, including without limitation, the care, custody and control of inmates housed at the jail. Sheriff Lucas is a policy maker for the Clark County Sheriff's Department. Defendant Lucas is sued in his individual and official capacity.

11. Defendants  Jenni Zupfer, Devin Allen, Lilly Beasley, and John and Jane Doe (hereinafter collectively "individual defendants", unless otherwise referred to individually) are now, and at all times material hereto, were, duly appointed by, employed by and acting as employees and contractors of Conmend and/or Clark County, and upon information and belief, residents of the County of Clark, State of Washington.  Defendants Zupfer, Allen, Beasley, John and Jane Doe, were licensed medical providers, who at all relevant times were employed by Clark County and/or Conmed for the purpose of providing medical care to inmates of Clark County Jail.  Defendants Zupfer, Allen, Beasley, John and Jane Doe are sued in their individual, agency and official capacities.

12. Defendants Conmed, Zupfer, Allen, Beasley, John and Jane Doe were responsible for the triage, medical care and screening of inmates with regard to their medical needs while incarcerated at Clark County Jail.

13. Defendants Conmed, Zupfer, Allen, Beasley, John and Jane Doe chose a course of medical treatment for Mr. Walsh which was unacceptable under the

COMPLAINT - 5

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

circumstances.  The failure to properly diagnose, examine and treat Mr. Walsh was in conscious disregard of an excessive risk to Mr. Walsh's health.

14. The actions of defendants Conmed, Zupfer, Allen, Beasley, John and Jane Doe to completely fail in their examination, diagnosis and treatment of Mr. Walsh resulted in unnecessary and wanton infliction of pain.

15.  Each and all of the acts of the individual defendants alleged herein were done by the individual defendants, and each of them, under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies and usages of the United States Constitution,  State of Washington and the County of Clark.

16. Clark County, Sheriff Lucas, Conmed, and Defendants Zupfer, Allen, Beasley, John and Jane Doe acted in concert with another to consciously and intentionally deprive prisoners at the Clark County jail of necessary medical treatment in violation of the prisoner's constitutional rights

17. At all times herein relevant, the individual defendants were acting within the scope of their employment and/or agency.

18. The plaintiff sues each of the individual defendants in his or its individual and official capacities.


## THE FACTS

19.  Plaintiff Todd Walsh was incarcerated as a post conviction inmate in Clark County Jail on April 30, 2014 and continued in custody through July 7, 2014;

COMPLAINT - 6

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

20. Plaintiff Todd Walsh was assaulted while incarcerated at Clark County Jail on or about June 5, 2014;

21. Plaintiff Todd Walsh reported his injuries including complaint of severe pain in his back on June 6, 2014 to Clark County Jail Medical Staff as well as a broken nose;

22. Plaintiff Todd Walsh reported his assault to Clark County medical staff on June 9, 2014;  Plaintiff Todd Walsh reported to medical staff at the jail on June, 9, 10, 16, and 26 that he was in excruciating pain; the worst pain he had ever had, even reporting a 10 out of 10 on the pain scale.

23. Jail medical staff did not x-ray, MRI or CAT scan Mr. Walsh's injuries to his back despite repeated complaints of severe pain from the assault; Defendants refused and/or neglected to provide Walsh with the necessary examinations, to include but not limited to x-rays, CAT Scans and MRI's, that would have revealed to them that Walsh that had suffered a traumatic injury to his spine. to wit: a fracture to the L-2 vertebrae.  The use of x-rays, CAT Scans and MRI's  are routinely used in the medical profession to examine, diagnose and treat patients who complain of severe back pain after traumatic injury such as that suffered by Walsh.  The failure of defendants to utilize the aforementioned diagnostic examination techniques constituted deliberate indifference to the serious medical needs of Walsh as well and negligence and gross negligence.

COMPLAINT - 7

24. Mr. Walsh requested medical assistance for severe pain in his back on June 6,9, 10, 16 and 26, 2014 while incarcerated at Clark County Jail describing his pain as the worst he had ever known, a ten out of ten.

25. Mr. Walsh was not x-rayed, given a CAT scan, MRI or transferred to an emergency medical facility which had this equipment and would have been able to properly diagnose his traumatic injuries.

26. Mr. Walsh was examined and treated for his facial injuries but not for the fracture of his L-2 vertebrae by Jenni Zupfer, Devin Allen and Lilly Beasely as well as John and Jane Doe for each of these visits for treatment at Clark County Jail;

27. None of the medical provider defendants ordered any diagnostic testing to treat his excruciating pain to his back even though Defendants knew, or should have known that Mr. Walsh suffered a fracture to his L-2 vertebrae and that he had been brutally assaulted while in the jail;

28. None of the medical providers diagnosed Mr. Walsh with a broken back despite his complaints on numerous occasions even though Defendants knew, or should have known that Mr. Walsh suffered a fracture to his L-2 vertebrae and that he was the reported victim of an assault where his facial bones were also fractured.

29. Mr. Walsh had a broken back from the assault and was diagnosed as a traumatic L-2 fracture on July 8, 2014 upon his release from jail and his entry at Legacy hospital; The failure to properly examine, diagnose and treat Mr. Walsh's traumatic L-2 fracture by defendants resulted in a further deterioration of Mr. Walsh's condition causing further pain, suffering and permanent injuries.

COMPLAINT - 8

30. The lack of proper diagnosis and care of his fractured back caused prolonged recovery and permanent injury to Mr. Walsh.

31.  It is essential to the successful management of a patient suffering from Traumatic injuries that x-rays, MRI's and/or CAT scans be performed so that critically important treatment can be provided.  Failure to properly diagnose and treat traumatic injuries can cause permanent disability, pain and suffering to the patient.

32. A patient who does not receive proper diagnosis and treatment of a traumatic injury can quickly destabilize, and exacerbate the injury causing permanent nerve, bone, and ligament damage;

33. Upon information and belief, defendants should have known and knew that Mr. Walsh's condition required immediate intervention and stabilization of his back, from June 6, 2014, until he was released from Clark County Jail, defendants failed to provide timely and appropriate medical care necessary for Mr. Walsh's traumatic L-2 fracture.

34. Upon information and belief, and evincing a deliberate indifference to Todd Walsh's serious medical needs, Mr. Walsh was denied any diagnostic evaluations, appropriate pain medication, or other medical care , not withstanding that defendants should have known, and knew that proper diagnosing and treatment of Mr. Walsh's traumatic injury were required to prevent his unnecessary suffering from agonizing pain.

COMPLAINT - 9

35. Defendants evincing a deliberate indifference to Mr. Walsh's serious medical needs, and in violation of the standard of care, failed to take necessary steps to ensure that he would receive proper diagnostic evaluation and treatment, and instead provided no relief of any kind to Mr. Walsh's fractured back repeatedly sending him back to his cell without relief and did not transfer him to a medical facility that would be better equipped to medically treat Mr. Walsh.

36. Defendants are not physicians and made no effort to confirm with a physician or specialist that the proper diagnostic measures were taken to evaluate Mr. Walsh's fractured back.

37. Between June 6, 2014 and July 7, 2014, in violation of the applicable standard of care and with deliberate indifference to Mr. Walsh's serious medical needs, defendants failed to have a supervising physician or specialist oversee the diagnosis, treatment and care of Mr. Walsh.

38. Between June 6 and July 7, Mr. Walsh suffered  excruciating pain, and mental anguish due to the failure by defendants to treat his fractured L-2 spine.

39. After July 7, 2014 and for an extended period of time, Mr. Walsh continued to suffer excruciating pain from his fractured back due to the lack of care he received while at the Clark County Jail.

40. Defendants took no steps to further diagnose Mr. Walsh's injuries despite his repeated visits to the infirmary reporting to defendants the excruciating pain in his back between June 6, 2014 and July 7, 2014.

COMPLAINT - 10

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

41. Although the standard of care required defendants properly assess the traumatic injury of Mr. Walsh, no adequate medical assessment was performed of Mr. Walsh's injuries despite the knowledge of the defendants that Mr. Walsh was in excruciating pain and that he had been brutally assaulted;

42. In contravention of the applicable standard of care amounting to deliberate indifference to Todd Walsh's serious medical needs, defendants failed to take any steps to contact a supervising physician to determine a proper course of diagnosis and treatment was necessary for Mr. Walsh's fractured L-2 vertebrae.

43. Todd Walsh informed defendants on June 6, 9, 10, 16 and 26, 2014 that he was suffering from excruciating pain. He described signs and symptoms of a severe traumatic injury, associated with a worsening condition and the development of potentially permanently disabling damage to his back.

44. Despite the information being provided by Mr. Walsh to defendants, Clark County Jail's medical staff took few and inadequate steps to manage Mr. Walsh's fractured back, all in violation of applicable standard of care, and evincing deliberate indifference to Mr. Walsh's serious medical needs.

45. Defendants were required, in accordance with the applicable standard of care, to provide proper diagnosis and treatment of Mr. Walsh's traumatic injuries. The defendants failed recklessly, and with deliberate indifference and knowing that failure to manage appropriately Todd Walsh's known injuries, was likely to lead to prolonged suffering, excruciating pain, and permanent injury.

COMPLAINT - 11

46. Defendants failed to comply with applicable laws, rules and regulations governing their conduct, under the standard of care required to be provided by each of the medical provider defendants, and with their obligation under the United States Constitution to provide Mr. Walsh with access to reasonable medical care while he was incarcerated in the Clark County Jail.

47. While incarcerated at the Clark County Jail, Todd Walsh was under the care, custody and control of several medical and correctional staff members who are or were agents, officers, and or employees of Clark County, and Conmed including the defendants named herein.

48. While under the care, custody and control of the Clark County Jail, Defendants including Defendants Zupfer, Allen, Beasley, John and Jane Doe subjected Todd Walsh to the following mistreatment: Denial of proper diagnosis and treatment for his traumatic fractured L-2 vertebrae, denial of pain killing medicine; denial of timely evaluation of his medical condition; denial of timely administration of diagnostic tests; denial of adequate staffing of medical professionals so that the medical needs of inmates could be attended to properly; denial of transfer to an emergency medical facility; denial of effective medical and supervisory observation; all amounting to a policy or practice of deliberate indifference to the serious medical needs of individuals such as Mr. Walsh, whom the defendants were charged with caring for while they are in defendant's custody.

49. Pursuant to law and policy, the defendants each individually and together, had an affirmative duty to ensure that Mr. Walsh's ongoing traumatic injury and medical

COMPLAINT - 12

condition was properly treated on a consistent and continuous basis within the standard of care due to any medical patient and/or inmate.  The defendants, each each of them, together and individually failed and neglected to perform this obligation.

50. The pattern, practice, and policy of abuse that Mr. Walsh was subjected to violated Todd Walsh's due process rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from defendant's deliberate indifference to his serious medical needs.

51. The direct and proximate result of Defendants' acts, lack of proper care and the resulting pain, suffering and future disabilities are a violation of Plaintiff's United States Constitutional rights and were a result of negligence, deliberate indifference and outrageous conduct on the part of defendants.

<u>NOTICE PROVIDED PER RCW 4.96</u>

47.  On the 8th day of January 2015, in accordance with Washington State RCW 4.96.020, plaintiff caused a notice of claim to be served upon the County of Clark.

- CAUSES OF ACTION -

AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING:

<u>Denial of Civil Rights Pursuant to 42 U.S.C. § 1983</u>

48. Plaintiff Todd Walsh repeats, reiterates, and re-alleges each and every allegation contained in  foregoing paragraphs of this complaint  with the same force and effect as if hereinafter set forth in full.

COMPLAINT - 13

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

49. As the result of the aforesaid, Todd Walsh was caused to be subjected to the deprivation of rights, privileges and/or immunities secured by the Constitution and laws of this State and the United States and has been damaged thereby. The rights, privileges and immunities deprived by defendants included, but are not limited to: Right to freedom from cruel and unusual punishment; equal protection and failure to prevent violations by supervisors.

50. That as a proximate cause thereof, Todd Walsh suffered damages including, but not limited to, physical and mental suffering, and to incur expenses for deprivation of his rights, and legal fees and costs.

51. At the time that Mr. Walsh was incarcerated at the Clark County Jail and was dependent on Clark County and the Sheriff to meet his medical needs and provision of his medical care, it was the policy and practice of the Clark County Jail to limit the medical care available to inmates of the Clark County Jail. This included without limitation, limiting supervision by a licensed physician of the Clark County Jail's medical staff, limiting the number of medical staff available to provide services to the inmates, limiting patient access to direct care by a licensed physician, and limiting access to medical services and medical interventions generally.

52. Defendants, systematically failed and refused to provide medically necessary health care and medications to individuals such as the Plaintiff, including but not limited to necessary and adequate emergency treatment; necessary and adequate individualized treatment regimes; proper staffing of on-call doctors and nurses;

COMPLAINT - 14

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

proper diagnosis and prescription of necessary medications within an appropriate window of time; necessary monitoring of physically ill inmates; transfer to proper emergency medical facilities; and necessary and adequate follow up treatment and monitoring.

53. Defendants failed to provide a safe and secure and supervised environment allowing the Plaintiff to be viciously assaulted by other inmates;

54. By reason of these systematic policies, practices and procedures, defendants violated the right of Mr. Walsh to be free from deliberate indifference as guaranteed by the Constitution of the United States under the Fourteenth Amendment and from cruel and unusual punishment under the eighth Amendment to the Constitution.

55. By reason of these systematic policies, practices and procedures, defendants violated Mr. Walsh's equal protection rights under the Constitution and failed to take any action to prevent the violations from occurring and took no action to remedy the failings going forward;

56. As a matter of policy, practice and procedure, defendants with deliberate indifference, knowingly failed to ensure that Mr. Walsh was provided with diagnosis of his injuries and medications which would alleviate his suffering, or to otherwise reasonably manage his medical condition and to treat and prevent the worsening of his condition, leading to Mr. Walsh's unnecessary suffering and permanent injuries. As a matter of policy, practice and procedure, and with deliberate indifference, defendants failed to provide or failed to ensure that others

COMPLAINT - 15

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

provided Mr. Walsh with adequate medical care and medications, and which

conduct directly and proximately caused Mr. Walsh's pain and suffering.

57. Defendant Clark County and Conmed failed to properly staff, supervise and train

those individuals assigned to the jail to prevent assaults and to the medical facility

of the Clark County Jail and should have known that defendants were failing to

provide appropriate medical treatment to inmates, including Mr. Walsh, which if

not treated in accordance with the appropriate standard of care, would suffer

unnecessary and prolonged excruciating pain and suffering.

58. The defendants, failed to ensure that adequate oversight and medical services

were available for medically sensitive detainees such as Mr. Walsh; failed to post

or have on call appropriate medical staff with sufficient proximity of medically

sensitive inmates to permit such staff to properly monitor such inmates, so that

timely interventions could be implemented to avoid unnecessary and serious

injury to such inmates; failed to adequately train, supervise, and inform

correctional staff including those persons working at the Clark County Jail about

the standard  procedures for traumatically injured inmates; all of which

manifested deliberate indifference of these known risks to the health and safety of

inmates and directly and proximately resulting in a violation of Mr. Walsh's

rights under the Fourteenth and Eighth Amendments of the United States

Constitution.

59. The conduct of the County of Clark and Sheriff Lucas was reckless and

demonstrates a callous disregard for Todd Walsh's constitutionally protected

COMPLAINT - 16

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

rights not to be subjected deliberate indifference and cruel and unusual punishment while he was an inmate in their custody.

60. Conmed, as an entity contracted to provide medical services to Clark County, was liable under Section 1983 while undertaking their duty to treat inmates.  Medical providers employed by Conmed acted under color of state law for purposes of section 1983 when treating Mr. Walsh's injuries and their conduct is attributable to Clark County.

61. Defendants Conmed, Clark County and Sheriff Lucas failed to provide medical staff at the jail who were competent to deal with problems like Mr. Walsh's.

62. Defendants Conmed, Clark County and Sherrif Lucas were on actual or constructive notice that the omission to provide adequate medical diagnosis and care to inmates like Mr. Walsh would result in a violation of Mr. Walsh's constitutional rights.

63. The damages incurred by Mr. Walsh could have been prevented or lessened with an appropriate policy that required medical providers to use proper medical equipment such as x-rays, cat scans and MRI's to triage and diagnose traumatic injuries of inmates who have been assaulted or otherwise injured while at the jail;

64. Defendants Clark County, Conmed and Sheriff Lucas had a policy, custom or practice of failing to transfer trauma patients to hospitals for necessary emergency medical care, which failed to meet widely accepted community standards of care with regard to medical services for injured inmates and failed to transfer Mr.

COMPLAINT - 17

Walsh, a bonafide trauma patient to a medical facility that was properly equipped to treat Mr. Walsh's injuries.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS,

PLAINTIFF STATES AND ALLEGES THE FOLLOWING:

Unconstitutional Custom, Practice or Policy (Municipal Liability Under Monell)

65. Plaintiff Todd Walsh repeats, reiterates, and re-alleges each and every allegation contained in foregoing paragraphs of this complaint  with the same force and effect as if hereinafter set forth in full.

66. Upon information and belief, the Clark County, condoned, permitted, encouraged *and/or* ratified a departmental policy, practice and/or custom to permit jail medical providers to disregard the medical needs of prisoners.

67. Upon information and belief, Clark County, Conmed, and Sheriff Lucas maintained a policy to avoid, delay or discourage the transfer of inmates to an emergency medical facility for treatment even when that transfer would provide necessary medical care for the inmate;

68. That the Clark County Conmed, and Sheriff Lucas acted with deliberate indifference to the rights of prisoners to whom the jail medical providers were known to come into contact by failing to provide reasonable and necessary medical care to inmates at Clark County jail.

69. That the policy or custom of the Clark County Conmed, and Sheriff Lucas serves to ratify or tacitly authorize the unconstitutional actions of the employees of Conmed, the Clark County Sheriff's Department and jail medical staff  caused

COMPLAINT - 18

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

Todd Walsh to suffer constitutional deprivations and was the moving force behind Todd Walsh's constitutional deprivations.

70. Mr. Walsh was deprived of his constitutional rights not to have officials be deliberately indifferent to his serious medical needs and that deprivation resulted from the policy, customs and rules under which Defendant Clark County,Conmed, and Sheriff Lucas operated.

AS AND FOR A THIRD CAUSE OF ACTION *AGAINST* DEFENDANTS, PLAINTIFF TODD WALSH AND ALLEGES THE FOLLOWING:

<u>Failure to Supervise (Municipal Liability under Monell)</u>

71. Plaintiff Todd Walsh, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint  with the same force and effect as if hereinafter set forth in full.

72. That upon information and belief, the Sheriff Gary Lucas was the policymaker for the Clark County Jail responsible for instituting and enforcing the policies, ordinances, regulations, customs and practices of the Clark County Jail.

73. Conmed was the contracted agent of Clark County and/or Sheriff Lucas and was a state actor when rendering or arranging to provide medical services to inmates at Clark County Jail;

74. Defendants Zupfer, Allen, Beasley, John and Jane Doe were contracted to provide medical services to inmates lodged at Clark County jail;

75. That the actions of all  defendants and/or their agents as above alleged, constituted deliberate indifference by:

COMPLAINT - 19

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(a) Failing to triage, diagnose, and treat medical conditions of inmates incarcerated at Clark County Jail;

(b) Failing to provide rudimental standard of care owed to inmates incarcerated at Clark County Jail;

(c) Failing to provide a formalized process for continuity of care and supervision of care to inmates incarcerated at Clark County Jail;

(d) Failing to provide a formalized process for initial or midlevel providers to discuss complex medical cases with a medical director and did not have formalized processes to refer complex cases from initial or midlevel providers to a medical director;

(e) Failing to provide a formalized process for the primary care provider to report inmate medical issues to a supervising physician;

(f) Routinely disregarding medical protocols to ensure inmates at Clark County Jail received proper medical care for complained of conditions;

(g) Failed to ensure that jail medical staff were properly and fully trained to be competent to provide medical care to inmates incarcerated at Clark County Jail;

(h) Failed to ensure that jail medical staff were oriented to Department of Health Care Record Documentation and did not perform chart audits to ensure that staff were following the documentation requirements.

(i) Failed to ensure the safety and security of inmates by allowing Mr. Walsh to be viciously beaten while he was an inmate at the Clark County Jail.

COMPLAINT - 20

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(j)  Failing to provide prompt and competent medical attention based on Mr. Walsh's serious medical needs;

(k) Failing to transfer Mr. Walsh to a medical facility via ambulance to a facility equipped to examine, diagnose, test and treat his L-2 fracture;

(l)  In seriously aggravating his medical condition by authorizing him to walk back to his cell; return to the jail work center, and carelessly manipulating his body after he suffered a fractured L-2 vertebrae;

(m) In seriously aggravating his medical condition by ignoring his medical plight for 31 days;

(n) In failing to promptly report observations and reports of Mr. Walsh's increasingly worsening medical condition to supervising physicians or other medical personnel who could arrange for proper care of Mr. Walsh;

(o) In failing to make any effort to arrange for emergency medical care for Mr. Walsh after being repeatedly told, over a course of weeks that he was in excruciating pain; the worst pain he had ever known;  on a scale of 1 to 10, he was a 10.

(p) By failing to report the substandard level of care given to Mr. Walsh to regulatory authorities or to otherwise discipline or correct the alleged reckless and indifferent behavior of medical providers entrusted with his care;

76. That Clark County, Conmed and Sheriff Lucas acted with deliberate indifference to the rights of citizens to whom the employees were known to come into contact by failing to properly supervise or take remedial action against the employees of

COMPLAINT - 21

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

the Clark County Jail for a pattern of unconstitutional acts of said employees with failing to meet the medical needs of inmates and failing to provide for their safety and security while incarcerated at the Clark County jail.

77.  That the actions of the Clark County, Conmed and Defendants Lucas,  Zupfer, Allen, Beasley, John and Jane Doe in acting with deliberate indifference to the rights of plaintiff Todd Walsh by failing to correct the pattern of unconstitutional acts of its employees and/or contractors constitutes an official policy or custom which serves to ratify or tacitly authorizes the unconstitutional actions of the Defendants.

78. That the policy or custom of the Clark County, Conmed and Sheriff Lucas which serves to ratify or tacitly authorizes the unconstitutional actions of the employees, agents and contractors of the Clark County Jail caused plaintiff to suffer constitutional deprivations and was the moving force behind plaintiff's constitutional deprivations.

FOURTH CAUSE OF ACTION

Violation of RCW 7.70  Failing to Provide Standard of Care

79. Plaintiff Todd Walsh, reiterates, and re-allege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if hereinafter set forth in full.

80. While Todd Walsh was in the care custody and control of defendants, defendants failed and refused to ensure that Todd Walsh was timely provided with diagnosis

COMPLAINT - 22

and treatment of his fractured vertebrae.  Mr. Walsh was not provided with reasonable and necessary medications for his pain and suffering, not withstanding that defendants knew and should have known that timely diagnosis and treatment of his fractured back would lessen his excruciating pain and suffering and potentially prevent permanent injury.

81. Defendants Conmed, Zupfer, Allen, Beasley, John and Jane Doe failed to timely and accurately perform an assessment of Todd Walsh's traumatic injuries, failed to take any steps to alleviate his worsening condition; failed to timely take any steps to consult with a supervising physician; failed to take X-rays, MRI or other diagnostic test which would have revealed the seriousness of Mr. Walsh's injuries and that these acts amounted to deliberate indifference to Mr. Walsh's serious medical needs, resulting in Mr. Walsh's unnecessary and completely avoidable suffering.

82. Defendants Conmed, Zupfer, Allen, Beasley, John and Jane Doe failed to transfer Mr. Walsh to an emergency medical facility who could properly care for his traumatic injuries.

83. The actions of defendants denied Mr. Walsh the applicable standard of medical care as well as  due process of law guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

84. Defendant Clark County, Conmed and Sheriff Lucas failed to supervise and failed to provide a safe and secure environment for inmates lodged at the Clark County

COMPLAINT - 23

jail by allowing Mr. Walsh to be viciously beaten while in their care, custody and control.

85. Conmed and individually named health care provider defendants at Clark County Jail failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;  Such failure was a proximate cause of the injury complained of by Plaintiff.

FIFTH CAUSE OF ACTION

Outrage

86. Plaintiff Todd Walsh, reiterates, and re-allege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if hereinafter set forth in full.

87. Defendants Lucas, Conmed, Zupfer, Allen, Beasley, John and Jane Doe purposefully failed to respond to Mr. Walsh's pleas for medical assistance on numerous and repeated occasions and Mr. Walsh was caused to be in excruciating pain from the time of his injury on June 6, 2014 until his release on July 7, 2014, when he sought competent medical care.

88. Defendants Lucas,  Conmed, Zupfer, Allen, Beasley, John and Jane Doe purposefully denied and delayed competent medical care for Mr. Walsh in deliberate indifference to his medical crisis.

COMPLAINT - 24

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

89. Defendants Lucas,  Conmed, Zupfer, Allen, Beasley, John and Jane Doe were aware and consciously disregarded the harm which would result from their refusal to provide proper medical care to Mr. Walsh.

90. Defendants Lucas, Conmed,  Zupfer, Allen, Beasley, John and Jane Doe were reckless in their failure to send Mr. Walsh to an emergency room that would be able to examine, diagnose and treat his disabling injuries.

91. The actions and failures to act of the defendants as described herein amount to Intention infliction of emotional distress due to the extreme and outrageous conduct of the defendants toward Plaintiff which caused him severe emotional distress;

## SIXTH CAUSE OF ACTION - NEGLIGENCE

### Common Law Negligence

92. Plaintiff Todd Walsh, reiterates, and re-allege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if hereinafter set forth in full.

93. Defendants Clark County, Sheriff Lucas and Conmed had a duty to adequately supervise co-workers and subordinates and contractors assigned to provide supervision, care, safety, security and  medical care at Clark County Jail and failed to meet that duty causing injury and suffering to Mr. Walsh;

COMPLAINT - 25

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

94. Defendants Defendants Zupfer, Allen, Beasley, John and Jane Doe had a duty to provide reasonable and necessary medical care to Mr. Walsh and they failed to meet that duty, causing injury and suffering to Mr. Walsh.

Negligent Infliction of Emotional Distress

95. The actions and failures to act of the defendants as described herein amount to negligent infliction of emotional distress which caused objective symptomology for the Plaintiff;

96. As a result of the negligent acts of Defendants described herein, Plaintiff suffered the constitutional deprivations and damages described above.

Negligence - Violation of Special Duty to Inmates

97. Plaintiff Todd Walsh, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if hereinafter set forth in full.

98. Defendants Clark County and Sheriff Lucas had a special relationship with Mr. Walsh due to his position as a prisoner in the Clark County Jail and therefore had an affirmative duty to ensure the Plaintiff's health, welfare and safety. The actions and failures to act of the defendants as described herein amount to a Violation of that special duty to ensure health, welfare, and safety and freedom from harm of inmates entrusted to their care including Mr. Walsh.

SEVENTH CAUSE OF ACTION

Third Party Beneficiary Breach of Contract

COMPLAINT - 26

99. Plaintiff Todd Walsh, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if hereinafter set forth in full.

100.     At all times relevant thereto, Conmed and Clark County were parties to a contract under which Conmed was to provide medical services to inmates held at the Clark County Jail.

101.     Pursuant to its contract, Conmed agreed to provide medical services to the inmates at Clark County Jail in accord with standards promulgated by Clark County and Washington State law for the care and maintenance of inmate health and well being.

102.     Todd Walsh and inmates of the Clark County Jail were intended third party beneficiaries of the contract between Conmed and Clark County.

103.     Conmed breached its agreement with Clark County by the manner in which it provided medical care to inmates including Mr. Walsh.

104.     By reason of the foregoing, Mr. Walsh was damaged in an amount to be determined at trial;


DEMAND FOR RELIEF

WHEREFORE, plaintiff Todd Walsh demands relief  against the defendants as follows:

(a) Impanel a jury to hear and decide this matter;

COMPLAINT - 27

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(b) Award Plaintiff full and fair compensatory damages in a sum of money having present value in an amount in excess of seventy-five thousand dollars ($75,000), exclusive of interest against all defendants and punitive damages against all individual defendants;

(c) Compensatory judgment jointly and severally against the defendants;

(d) Declaratory relief;

(b)  Attorney fees and costs for the plaintiffs' attorney pursuant to 42 U.S.C 1988, and 42 U.S.C. Plaintiff Todd Walsh, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if hereinafter set forth in full.

12205;  and

(c) Such other and further relief as this court deems just, proper, and equitable.

Plaintiff hereby demands a jury trial with respect to both liability and damages.

Signed this August 8, 2015

By: s/ Josephine C. Townsend

Josephine C. Townsend
Attorney for Plaintiff Todd Walsh
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601
Facsimile: 360-694-7602
jctownsend@aol.com

COMPLAINT - 28

CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court, using CM/ECF system, which will send notification of such filing to the following individuals:

Jane Vetto, Clark County Defendants    jane.vetto@clark.wa.gov

Marc  Rosenberg,  Attorneys for Devin Allen, Jenni Zupfer, Lilly Beasley

MR@leesmart.com

By: s/ Josephine C. Townsend

Josephine C. Townsend
Attorney for Plaintiff Todd Walsh
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601
Facsimile: 360-694-7602
jctownsend@aol.com

COMPLAINT - 29

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965