UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TODD WALSH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SHERIFF GARRY LUCAS, individually and as employee, agent and/or Sheriff for Clark County; CLARK COUNTY, a municipal corporation; DEVIN ALLEN, individually and as employee for Clark County; JENNI ZUPFER, individually and as employee for Clark County, LILLY BEASLEY, individually and as employee for Clark County, JOHN/JANE DOE, individually and as employee for Clark County,<br><br>　　　　Defendants. | No. 3:15-cv-05440-RJB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AS TO RULING ON DELIBERATE INDIFFERENCE CLAIM BY DEFENDANTS DEVIN ALLEN, JENNI ZUPFER, AND LILLY BEASLEY |

　　THIS MATTER, comes before the Court on a motion for reconsideration filed by defendants Devlin Allen, Jenni Zupfor, and Lilly Beasley (collectively, "Defendants"). Dkt. 20. Response has not been requested by the Court, so the Court will not consider Plaintiff's "Reply". Dkt. 22. *See* LCR 7(h)(3). The Court has reviewed the motion and the remainder of the file herein.

## BACKGROUND

　　Defendants ask the Court to reconsider its ruling on Defendants' motion to dismiss (Dkt. 13) only as to Count 1. In Count 1, Plaintiff alleges under 28 U.S.C. § 1983 that Defendants acted with deliberate indifference in violation of the Eighth Amendment right to be

free from cruel and unusual punishment, by denying Plaintiff adequate medical diagnosis and treatment after he sustained a serious back injury while in custody. Dkt. 1-2. Defendants previously argued that Count 1 should be dismissed for failure to state a claim, a motion that the Court denied. Dkt. 13, 20.

## STANDARD

Motions for reconsideration are disfavored. LCR 7(h)(1). The Court will ordinarily deny them absent a showing of manifest error or new facts or legal authority. *Id*. Upon a movant demonstrating one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.,* 947 F.Supp. 429, 430 (D.Haw.1996). A motion for consideration is not an opportunity for an unhappy litigant to argue new theories, and "a rehash of the arguments previously presented affords no basis for a revision of the Court's order." *Illinois Central Gulf Railroad Co. v. Tabor Grain Co.,* 488 F.Supp. 110, 122 (N.D.Ill.1980). *See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought—rightly or wrongly.").

## DISCUSSION

Defendants take issue with the last sentence in the following relevant portion of the Order:

> "The individual defendants argue that Plaintiff does not meet the deliberate indifference standard because the Complaint alleges that 'none of the medical providers **recognized** the seriousness of [Plaintiff's] injuries.' Dkt. 13, at 8 (emphasis added), quoting from Dkt. 1-2, at 4, ¶17. From this argument, it appears that the individual defendants believe "deliberate indifference" requires some degree of intent, but this argument misstates the law. While deliberate indifference may be satisfied by a conscious disregard of a consequence, it may also occur through reckless disregard." Dkt. 21, at 2, quoting Dkt. 20, at 4.

ORDER DENYING MOTION FOR RECONSIDER-
ATION BY DEFENDANTS DEVIN ALLEN, JENNI
ZUPFER, AND LILLY BEASLEY - 2

Criticizing the last sentence of the above paragraph, Plaintiff argues that "even the authority relied upon by the Court reflects that the concept of 'reckless disregard' . . . requires reckless disregard of a <u>known danger</u>." Dkt. 21, at 2.

Defendants overlook the word "consequence" in the last sentence of the relevant portion of the Court's ruling. Reckless disregard of a consequence includes the nature of the consequence—here, a known danger of a serious back injury. Plaintiff's allegation that Defendants failed to "recognize the seriousness of [Plaintiff's] injury" is a sufficient allegation under the language of the complaint. When one complains—and complains again—of a back issue to medical providers who take no actions, that is evidence enough to argue that the medical providers knew that, if their choice of inaction was erroneous, the consequences wold be dander of a serious back injury. *See, e.g., See Lolli v. Cnty. of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) (Circumstantial evidence of plaintiff's protestations about diabetes condition and need for food supports the inference that officers knew of risk of harm), citing *Farmer v. Brennan*, 511 U.S. 825, 837-42 (1994).

The allegations supporting Count 1 are sufficient to carry the claim forward beyond the pleadings stage. The motion for reconsideration should be denied.

\* \* \*

Therefore, it is hereby ORDERED that Defendant's motion for reconsideration is DENIED. Dkt. 21.

IT IS SO ORDERED.

ENTERED this 1st day of September, 2015.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge