UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TODD WALSH,<br><br>    Plaintiff,<br><br>vs.<br><br>SHERIFF GARRY LUCAS, individually and as employee, agent and/or Sheriff for Clark County; CLARK COUNTY, a municipal corporation; DEVIN ALLEN, individually and as employee for Clark County; JENNI ZUPFER, individually and as employee for Clark County, LILLY BEASLEY, individually and as employee for Clark County, JOHN/JANE DOE, individually and as employee for Clark County,<br><br>    Defendants. | No. 3:15-cv-05440-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |

THIS MATTER, comes before the Court on Plaintiff's motion to amend the complaint. Dkt. 24. According to Plaintiff, Defendants oppose the motion, Dkt. 24, at 3, but Defendants filed no written opposition. The Court has reviewed the motion and remainder of the file therein.

Under Federal Rule of Civil Procedure 15(a), Plaintiff's motion to amend is granted "by leave of court or by written consent of the adverse party," but should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).  See *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).  In exercising its discretion, courts should apply Rule 15 with extreme liberality so as to serve the underlying purpose of the rule, namely, to facilitate a

decision on the merits rather than on the pleadings or technicalities. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987).

There are limitations on the extremely liberal policy favoring amendments, where the party opposing the amendment can show any of the following: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *United States v. SmithKline Beecham*, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001); *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001); *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Applying Rule 15 to this case, Plaintiff's motion should be granted. Plaintiff's motion comes well in advance of the discovery cutoff, and Defendants have not their burden to show a reason to not apply the default policy of liberal amendments permitted by the rule.

\* \* \*

Plaintiff's motion to amend (Dkt. 24) is GRANTED.

IT IS SO ORDERED.

ENTERED this 21st day of September, 2015.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge