UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD WALSH,<br><br>        Plaintiff,<br><br>v.<br><br>CONMED, INC. et. al,<br><br>        Defendants. | CASE NO. 3:15-cv-05440-RJB<br><br>ORDER ON DEFENDANT MEDICAL PROVIDERS' MOTION FOR RECONSIDERATION AND PLAINTIFF'S MOTION TO STRIKE SURREPLY |

THIS MATTER comes before the Court on Defendants' Motion for Reconsideration. Dkt. 87. The Court invited Plaintiff to respond to the motion. Dkt. 88. Following Plaintiff's Response (Dkt. 89), Defendants filed a "LCR 7(g) Surreply on Motion for Reconsideration," (Dkt. 90), which is the basis for Plaintiff's Motion to Strike Surreply (Dkt. 90), also pending before the Court. The Court has considered this responsive briefing and the remainder of the file herein.

I.    <u>Plaintiff's Motion to Strike Surreply.</u>

As a threshold matter, Plaintiff's Motion to Strike Surreply (Dkt. 91) should be stricken as improper. Plaintiff's motion amounts to an objection to Defendants' LCR 7(g) Surreply on Motion for Reconsideration (Dkt.90) on the basis that Defendants' briefing was "not allowed nor invited" by the Court. The Court will follow LCR 7(g) without the aid of Plaintiff's motion.

ORDER ON DEFENDANT MEDICAL
PROVIDERS' MOTION FOR
RECONSIDERATION AND PLAINTIFF'S
MOTION TO STRIKE SURREPLY- 1

1  LCR 7(g) provides that "[r]equests to strike material contained in . . . submissions of
2  opposing parties shall not be presented in a separate motion to strike, but shall be included in the
3  responsive brief." The Court did not invite Defendants to file a Reply, but Defendants' briefing
4  (Dkt. 90) should be construed as a request to strike, which is allowable under LCR 7(g). To the
5  extent Defendants move to strike a new argument by Plaintiff, Defendants' request will be
6  considered. *See* Dkt. 90 at 1:15-2:6. To the extent Defendants' briefing advances additional
7  arguments, Defendants' briefing was not invited by the Court and the Court will disregard it. *See*
8  *id*. at 2:6-3.

9  II.  Defendants' Motion for Reconsideration.

10  For the reasons discussed below, Defendants' motion should be denied. Defendants make
11  two main arguments, each addressed in turn.

12  **A.  Defendants' argument: The deliberate indifference claim fails because (1) the decision to provide an x-ray is a medical decision, not deliberate indifference,
13  and (2) an individual can only be liable for their own actions.**

14  Defendants quote *Estelle v. Gamble*, 429 U.S. 97, 107-08 (1976) at length for the
15  proposition that x-rays as a "diagnostic technique that is . . . a classic example of medical
16  judgment . . . [which] does not represent cruel and unusual punishment." *Estelle* is still good law,
17  but is distinguishable. If this case boiled down to only the decision of whether to order an x-ray,
18  *Estelle* would be on point. However, according to Plaintiff, "[t]heir suggestion was just to shut my
19  mouth and wait [to do an x-ray] until I got out of there." Dkt. 69-1 at 18 (Walsh Dep. at 75, 76).
20  The comment creates an issue of fact as to the intent for denying diagnostic care. Plaintiff
21  believes the diagnosis made a difference, because after receiving an out of custody x-ray
22  diagnosis of a compression fracture, Plaintiff received different treatment: "physical therapy, a
23
24  ORDER ON DEFENDANT MEDICAL
    PROVIDERS' MOTION FOR
    RECONSIDERATION AND PLAINTIFF'S
    MOTION TO STRIKE SURREPLY- 2

1   back brace and being in a pool. . . different pain med[ications]."[1] Dkt. 58-1 at 44 (Walsh Dep. at
2   124). Construing these facts in favor of Plaintiff, a reasonable juror could make a finding of
3   deliberate indifference.
4       Individual liability can be inferred from the circumstances as to Nurse Devin, Nurse
5   Beasley, and PA Zupfer. As to Nurse Devin, the only male nurse to treat Plaintiff, Plaintiff
6   testified that the "suggestion . . . to shut my mouth and wait" for the diagnostic treatment was made
7   by "one of the nurses, a guy a nurse[.]" Dkt. 69-1 at 18 (Walsh Dep. at 75, 76). Plaintiff also
8   testified that "they said, stop bothering us. You're not getting an x-ray of your back, and my
9   suggestion to you is when you get out of here, go straight to the emergency room. So I took <u>his</u>
10  suggestion." Dkt. 58-2 at 13 (Walsh Dep. at 155) (emphasis added). As to Nurse Beasley, Plaintiff
11  testified:

12      Q: Do you remember anything <u>specifically about</u> your appointment with <u>Nurse Beasley</u>?

13      A: No. No, I just remember the only thing I remember was <u>that I was told to stop
        complaining</u> about it <u>because I was not going to get an x-ray of my back</u>. And I
14      remember that's all I remember.
        And, if you want an x-ray of your back, <u>you wait until you get out of here</u>, and then you
15      go to the emergency room and get an x-ray of your back. And that's what I remember. So
        that's what I focused on.
16
    Dkt. 58-2 at 13 (Walsh Dep. at 154, 155) (emphasis added). PA Zupfer appears to be the
17
    gatekeeper for approving x-rays, because she approved the x-ray for Plaintiff's nose, and she
18
    supervised Nurse Devin in issuing pain medicine. Dkt. 54 at ¶6; 56 at ¶6. When asked about
19
    whether PA Zupfer made a reasonable assessment of Plaintiff's injury, Plaintiff testified that "I can
20
    say I begged for an x-ray of my back[.]" See Dkt. 58-2 at 2, 3 (Walsh Dep. at 139-40) and Dkt.
21

22
    ---
23
        [1] Defendants move to strike the "new argument regarding pain medication," but this
24  argument was raised in Plaintiff's Response. Dkt. 75 at 6:27; 16:6; 29:18-27; 31:25.

ORDER ON DEFENDANT MEDICAL
PROVIDERS' MOTION FOR
RECONSIDERATION AND PLAINTIFF'S
MOTION TO STRIKE SURREPLY- 3

58-3 at 29-33. Construing the facts in favor of Plaintiff, a reasonable juror could find deliberate indifference by Nurse Allen, Nurse Beasley, and PA Zupfer.

**B. Defendants' argument: The § 1983 claim and negligence claim fail on proximate cause and damages, where (1) the court erred by considering an unsigned, unsworn, and incompetent document as evidence, and (2) even if the unsigned, unsworn report is considered, it does not raise genuine issue of material fact as to proximate cause and damages.**

Defendants are correct: the Court erred in considering reports submitted by Plaintiff's expert, Nurse Robert Malaer. Nurse Malaer's reports do not contain anything resembling a signature. *See* Dkt. 75-1 at 2-10. Plaintiff argues that "electronic signatures on PDF documents is now a long established practice," but Plaintiff provides no authority for this proposition. Plaintiff may be referring local ECF filing rules, but these local rules allow only for electronic signatures by an "attorney, pro se litigant[s], judicial officer, or deputy clerk using a valid . . . login and password." W.D.Wash. Electronic Procedures, §IB. The local rule also requires that electronic filers sign their cases with an "/s/," *id.* at §IIIL, and Nurse Malaer did not use any similar demarcation. Dkt. 75-1 at 7, 10.

Because the Court will disregard Nurse Malaer's reports, the next issue raised by Defendants is whether the remainder of the record is sufficient to create an issue of fact as to proximate cause and damages. Regarding the § 1983 claim, the Court has addressed the sufficiency of the record without reliance on Plaintiffs' expert. *See above* §II(A).

Regarding the negligence claim, Defendants' argument is unpersuasive. Defendants cite the general rule that medical testimony is required to show breach and proximate cause where symptoms are not readily observable by a layperson and describable by a person without medical training. Dkt. 87 at 7. *See, e.g., Berger v. Sonneland*, 144 Wn.2d 91, 110-11 (2001). Applying this rule, Defendants argue that (1) Plaintiff received treatment for a lumbar sprain (in-custody

ORDER ON DEFENDANT MEDICAL
PROVIDERS' MOTION FOR
RECONSIDERATION AND PLAINTIFF'S
MOTION TO STRIKE SURREPLY- 4

1 diagnosis), rather than a compression fracture (out of custody diagnosis), (2) Plaintiff, a

2 layperson, cannot distinguish between the two diagnoses, and (3) the only expert with admissible

3 testimony has testified that "[Plaintiff's] condition is the same as it would have been had these

4 things been provided by the jail." *Id.* However, Plaintiff's broken back was apparent to Plaintiff,

5 who testified from his personal experience of a prior broken back injury. Dkt. 58-1 at 40.

6 Plaintiff testified that he insisted on an x-ray because he believed his back was broken, and after

7 the change in diagnosis, Plaintiff's treatment changed to include "physical therapy, a back brace

8 and being in a pool. . . different pain med[ications]." *Id.*

9   Defendants' motion for reconsideration should be granted to the extent that the Court

10 should disregard Nurse Malaer's reports, but the motion should be denied to the extent

11 Defendants seek to dismiss all claims.

12   THEREFORE, Defendant's Motion for Reconsideration (Dkt. 87) is GRANTED IN

13 PART insofar as the Court has disregarded Nurse Robert Malaer's reports when considering

14 Defendants' Motion for Summary Judgment. Defendants' Motion for Reconsideration is

15 OTHERWISE DENIED.

16   Plaintiff's Motion to Strike Surreply (Dkt. 91) is stricken.

17   It is so ordered.

18   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19 to any party appearing *pro se* at said party's last known address.

20   Dated this 20th day of October, 2016

21

22

23   ROBERT J. BRYAN
     United States District Judge

24 ORDER ON DEFENDANT MEDICAL
PROVIDERS' MOTION FOR
RECONSIDERATION AND PLAINTIFF'S
MOTION TO STRIKE SURREPLY- 5